| | | | |
|---|---|---|---|
| Debtor 1: | **G. Lynne McManigle** | Social Security number or ITIN: | xxx–xx–5977 |
| | First Name    Middle Name    Last Name | EIN: _ _–_ _ _ _ _ _ _ | |
| Debtor 2: (Spouse, if filing) | First Name    Middle Name    Last Name | Social Security number or ITIN: _ _ _ _ EIN: _ _–_ _ _ _ _ _ _ | |
| United States Bankruptcy Court: | Northern District of Iowa | Date case filed for chapter: | 7    12/9/20 |
| Case number: | 20–01364 | | |

Official Form B309A (For Individuals or Joint Debtors)

# Notice of Chapter 7 Bankruptcy Case –– No Proof of Claim Deadline

12/17

**For the debtors listed above, a case has been filed under chapter 7 of the Bankruptcy Code. An order for relief has been entered. This notice has important information about the case for creditors, debtors, and trustees, including information about the meeting of creditors and deadlines. Read both pages carefully.** The filing of the case imposed an automatic stay against most collection activities. This means that creditors generally may not take action to collect debts from the debtors or the debtors' property. For example, while the stay is in effect, creditors cannot sue, garnish wages, assert a deficiency, repossess property, or otherwise try to collect from the debtors. Creditors cannot demand repayment from debtors by mail, phone, or otherwise. Creditors who violate the stay can be required to pay actual and punitive damages and attorney's fees. Under certain circumstances, the stay may be limited to 30 days or not exist at all, although debtors can ask the court to extend or impose a stay. The debtors are seeking a discharge. Creditors who assert that the debtors are not entitled to a discharge of any debts or who want to have a particular debt excepted from discharge may be required to file a complaint in the bankruptcy clerk's office within the deadlines specified in this notice. (See line 9 for more information.) To protect your rights, consult an attorney. All documents filed in the case may be inspected at the bankruptcy clerk's office at the address listed below or through PACER (Public Access to Court Electronic Records at www.pacer.gov).

**The staff of the bankruptcy clerk's office cannot give legal advice.**

**NOTICE IS GIVEN** that during the course of administration, the Chapter 7 trustee may sell, abandon, or otherwise dispose of property, including the compromise or settlement of controversies, by filing a report of such intended action with the Clerk, with a copy served upon the U.S. Trustee, debtor(s), debtor(s) counsel, and those creditors and equity security holders who have requested notice pursuant to Rule 2002 of the Bankruptcy Rules. Any party requesting a notice pursuant to Rule 2002 must file a request with the Clerk of the Bankruptcy Court specifically referring to Rule 2002 and shall serve a copy of that request for notice upon debtor(s) counsel, trustee, and U.S. Trustee, at the addresses set forth in this notice. Any party objecting to such action by the trustee shall file such objection with the Clerk of Bankruptcy Court, serving a copy on the moving party, trustee, U.S. Trustee, debtor(s) and debtor(s) counsel within 21 days after the filing of such report.

**To help creditors correctly identify debtors, debtors submit full Social Security or Individual Taxpayer Identification Numbers, which may appear on a version of this notice. However, the full numbers must not appear on any document filed with the court. Do not file this notice with any proof of claim or other filing in the case. Do not include more than the last four digits of a Social Security or Individual Taxpayer Identification Number in any document, including attachments, that you file with the court.**

| | | About Debtor 1: | About Debtor 2: |
|---|---|---|---|
| 1. | **Debtor's full name** | G. Lynne McManigle | |
| 2. | **All other names used in the last 8 years** | aka Gloria Lynne McManigle | |
| 3. | **Address** | 107 N. Nelson Ave. Stanley, IA 50671 | |
| 4. | **Debtor's attorney** Name and address | David James Hanson 231 S. Main Box 126 Fayette, IA 52142 | Phone: 563–425–3397 Email: davidhanson@mchsi.com |
| 5. | **Bankruptcy trustee** Name and address | Renee K. Hanrahan PO Box 1088 Cedar Rapids, IA 52406 | Phone: 319.848.6040 Email: rhanrahan@southslope.net |

**For more information, see page 2 >**

| | | |
|---|---|---|
| **6.** | **Bankruptcy clerk's office**<br><br>Documents in this case may be filed at this address. You may inspect all records filed in this case at this office or online at www.pacer.gov. | 111 Seventh Avenue SE #15<br>Cedar Rapids, IA 52401–2101 |

Hours open:
Monday–Friday, 8:00 am to 4:30 pm CT

Phone: (319) 286–2200
www.ianb.uscourts.gov

Date: 12/10/20

---

**7.  Meeting of creditors**

Debtors must attend the meeting to be questioned under oath. In a joint case, both spouses must attend. Creditors may attend, but are not required to do so.

**January 25, 2021 at 10:10 AM**

The meeting may be continued or adjourned to a later date. If so, the date will be on the court docket.

All *Individual Debtors must* provide picture identification and proof of social security number to the trustee at the meeting of creditors. Failure to do so may result in your case being dismissed.

Location:

**Teleconference "ONLY", Call 877–326–7850, Participant code: 5297466**

---

**8.  Presumption of abuse**

The presumption of abuse does not arise.

If the presumption of abuse arises, you may have the right to file a motion to dismiss the case under 11 U.S.C. § 707(b). Debtors may rebut the presumption by showing special circumstances.

---

**9.  Deadlines**

The bankruptcy clerk's office must receive these documents and any required filing fee by the following deadlines.

**File by the deadline to object to discharge or to challenge whether certain debts are dischargeable:**

**You must file a complaint:**

• if you assert that the debtor is not entitled to receive a discharge of any debts under any of the subdivisions of 11 U.S.C. § 727(a)(2) through (7),

or

• if you want to have a debt excepted from discharge under 11 U.S.C § 523(a)(2), (4), or (6).

**Filing deadline: 3/26/21**

**You must file a motion:**

• if you assert that the discharge should be denied under § 727(a)(8) or (9).

---

**Deadline to object to exemptions:**

The law permits debtors to keep certain property as exempt. If you believe that the law does not authorize an exemption claimed, you may file an objection.

**Filing deadline:** 30 days after the *conclusion* of the meeting of creditors

**Certification About a Financial Management Course deadline: 3/26/21**

**Reaffirmation Agreement deadline: 3/26/21**

---

**10.  Proof of claim**

Please do not file a proof of claim unless you receive a notice to do so.

No property appears to be available to pay creditors. Therefore, please do not file a proof of claim now. If it later appears that assets are available to pay creditors, the clerk will send you another notice telling you that you may file a proof of claim and stating the deadline.

---

**11.  Creditors with a foreign address**

If you are a creditor receiving a notice mailed to a foreign address, you may file a motion asking the court to extend the deadlines in this notice. Consult an attorney familiar with United States bankruptcy law if you have any questions about your rights in this case.

---

**12.  Exempt property**

The law allows debtors to keep certain property as exempt. Fully exempt property will not be sold and distributed to creditors. Debtors must file a list of property claimed as exempt. You may inspect that list at the bankruptcy clerk's office or online at www.pacer.gov. If you believe that the law does not authorize an exemption that the debtors claim, you may file an objection. The bankruptcy clerk's office must receive the objection by the deadline to object to exemptions in line 9.

---

**Appointment of Trustee and Tax Returns**

The trustee named in line 5 of this notice is the interim trustee appointed by the U.S. Trustee to serve under general blanket bond. Per Section 521(e), *individual debtor(s) are required to provide* to the trustee, no later than 7 days prior to the date set for the first meeting of creditors, a copy of the Federal Income Tax return for the most recent tax year ending immediately before the commencement of the case.

---